# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-05-069-R |
| ) | CIV-16-645-R |
| RONALD ERIC BOYD, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Boyd's Motion under 28 U.S.C. § 2255 to correct his sentence. (Doc. 59). Plaintiff United States has filed a Response (Doc. 62). Defendant has replied. (Doc. 65).

For the following reasons, the Court DENIES Defendant's Motion.

**Factual and Procedural Background**

This habeas petition arises out of Defendant Ronald Boyd's conviction for drug and firearm-related offenses. Mr. Boyd, named in a nine-count indictment in 2005, ultimately pled guilty under a plea agreement to count 3, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and count 4, possession of a firearm in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Ultimately, this Court was required to enhance Mr. Boyd's sentence under 18 U.S.C. § 924(e) because of Mr. Boyd's conviction under § 922(g); the Armed Career Criminal Act, specifically § 924(e), calls for a person who violates 18 U.S.C. § 922(g), such as Mr. Boyd, to receive a minimum of

1

fifteen years' imprisonment if that person has three previous convictions for serious drug offenses or violent felonies. Because Mr. Boyd's sentence was enhanced under § 924(e), the U.S. Sentencing Guidelines, § 4B1.4(a), considers him an armed career criminal. His status as an armed career criminal, coupled with his career offender status under USSG § 4B1.1(a), resulted in a guideline range of 262 to 327 months' incarceration. The Court sentenced Mr. Boyd to a total of 262 months incarceration, consistent with 202 months on count 3 and 60 months on count 4, to be served consecutively.

Mr. Boyd now brings this motion to correct his sentence under 28 U.S.C. § 2255, arguing that the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), invalidates his sentence enhancement under 18 U.S.C. § 924(e) of the Armed Career Criminal Act. For the following reasons, Mr. Boyd's motion is DENIED.

## Discussion

### 1. The *Johnson* Decision

Mr. Boyd's motion thus turns on whether *Johnson* affects his sentence enhancement under § 924(e). *Johnson* addressed the Due Process implications of the Armed Career Criminal Act's "residual clause," 18 U.S.C. § 924(e)(2)(B)(ii), which defined "violent felony" as including a crime that "otherwise involves conduct that presents a *serious potential risk of physical injury to another*." 135 S.Ct. at 2555–2556 (emphasis added). Because the clause was "unconstitutionally vague" in that it "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges," "increasing a defendant's sentence under the clause denies due process of law." *Id.* at 2557. The Supreme Court would later make *Johnson* retroactive to cases on collateral review. *Welch v. United States*,

136 S.Ct. 1257, 1265 (2016). But—and for purposes relevant to Mr. Boyd's motion—*Johnson* clarified that the rest of the Armed Career Criminal Act, including its other definitions of a violent felony, remained constitutionally sound. 135 S.Ct. at 2563. So as it stands today, § 924(e)(1) still calls for an enhanced sentence if a person who violates § 922(g)—being a felon in possession of a firearm—has three or more earlier convictions for a "serious drug offense" or a "violent felony." The statutory hiccup after *Johnson* is merely that a defendant's conviction qualifies as a violent felony only if it satisfies one of the two remaining clauses in § 924(e)(2)(B)'s definition of violent felony:

> any crime punishable by imprisonment for a term exceeding one year . . . that–
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, [or] involves use of explosives . . . .

Given the fact that *Johnson* invalidated the residual clause but still allows for sentence enhancement under either of the two definitions of violent felony above, the issue is whether Mr. Boyd still has three prior violent felonies or serious drug offenses. His past convictions include two for possession of a controlled substance with intent to distribute in violation of Oklahoma law, and another for assault and battery with a dangerous weapon in violation of Oklahoma law. The parties are in agreement that Mr. Boyd's two prior convictions for possession with intent to distribute are unaffected by *Johnson* because they qualify as serious drug offenses under § 924(e)(1). The only issue before the Court—and one which it can summarily dispose of—is whether Mr. Boyd's conviction for assault and

battery with a dangerous weapon under Oklahoma law qualifies as violent felony under § 924(e)(1). If it does, then Mr. Boyd remains an armed career criminal under the ACCA, and his sentence enhancement under § 924(e) must stand.

**2. Mr. Boyd's Conviction under Oklahoma Law for Assault and Battery with a Dangerous Weapon Categorically Qualifies as a Crime of Violence.**

"The Armed Career Criminal Act . . . increases the sentences of certain federal defendants who have three prior convictions [for a serious drug offense or] 'for a *violent felony*' . . . ." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013) (emphasis added). Yet determining whether a prior conviction qualifies as a violent felony under the ACCA is not left to guesswork. Rather, the Supreme Court has provided clear direction on how to determine if a former conviction qualifies as a violent felony under the ACCA. Most of the time the situation will call for the "categorical approach," a framework first set out by the Court in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143 (1990), and one centered solely on the notion that it is the specific elements of the past conviction—not the underlying facts and circumstances of it—that render a crime a violent felony. To this end, "[s]entencing courts may 'look only to the statutory definitions'—i.e., the elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions.'" *Descamps*, 133 S.Ct. at 2298 (quoting *Taylor,* 495 U.S. at 600) (emphasis in original). The Court has also sanctioned the use of the modified categorical approach "when the statute is 'divisible'; that is, when it 'lists multiple, alternative elements, and so effectively creates several different crimes.'" *See Madrid*, 805 F.3d 1204, at 1207 (10th Cir. 2015) (citing *Descamps*, 133 S.Ct. at 2276). This approach "permits sentencing courts to consult a

4

limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Descamps*, 133 S.Ct. at 2281. Yet under either approach, "if the statute [under which a defendant was formerly convicted] sweeps more broadly than the generic crime [as laid out in the ACCA], a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." *Id.* at 2283.

Mr. Boyd maintains his conviction for assault and battery with a dangerous weapon does not qualify under either of § 924(e)(2)(B)'s two definitions of a violent felony because Oklahoma's law sweeps more broadly, that is, criminalizes more conduct than that prohibited under the elements clause—"has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). That determination is made by looking solely at the elements of Oklahoma's crime for assault and battery with a dangerous weapon, Okla. Stat. Ann. tit. 21, § 645. Oklahoma's Uniform Jury Instructions, which by law must be used when submitting a case to a jury, identify the elements as

> First, (an assault)/(a battery)/(an assault and battery);
>
> Second, upon another person;
>
> Third, with a sharp/dangerous weapon;
>
> Fourth, without justifiable or excusable cause;
>
> Fifth, with intent to do bodily harm.
>
> OUJI-CR-4-12.

Considering those elements, the Tenth Circuit in *United States v. Tommy Taylor* recently held that conviction under this statute categorically qualifies as a crime of violence. __ F.3d __, 2016 WL 7187303. It declared that "when a statute criminalizes purposefully threatening a victim with a weapon capable of causing death or great bodily harm, a conviction under that statute is a crime of violence." *Id.* at *6 (internal alterations and quotations omitted). Nor does it matter what type of dangerous weapon was used during the assault or battery, since "regardless of the type of dangerous weapon that is employed by a particular defendant, the use of a dangerous weapon during an assault or battery always 'constitutes a sufficient threat of force to satisfy the elements clause . . . .'" Id. at *7 (internal quotation and citation omitted).[1]

Because the Tenth Circuit has now affirmatively held that a conviction under Oklahoma's statute for assault and battery with a dangerous weapon will always satisfy the elements clause, Mr. Boyd's petition for habeas relief is denied.

## 3. Appealability

The Court denies Mr. Boyd a Certificate of Appealability ("COA") under Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts. Given Tenth Circuit precedent that battery with a dangerous weapon under Oklahoma law constitutes a violent felony, the Court also denies Mr. Boyd's petition on the merits. When a habeas petition is denied on the merits, Petitioner is entitled to a COA only if he

---

[1] Further, it is immaterial that the Tenth Circuit in *Taylor* was determining whether the Oklahoma statute was a crime of violence under the U.S. Sentencing Guidelines. The elements clause of both the Guidelines' and the Armed Career Criminal Act's defining violent felony and crime of violence are identical, and courts thus interpret the provisions in the same manner. *See Madrid*, 805 F.3d at 1210.

demonstrates "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931, 944 (2003). Mr. Boyd has not made this showing and is therefore not entitled to a COA. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22 if he wishes to appeal the Court's ruling on his motion.

For the reasons above, Mr. Boyd's motion under 28 U.S.C. § 2255 is DENIED and DISMISSED WITH PREJUDICE because it lacks merit.

IT IS SO ORDERED this 22nd day of December 2016.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE