### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CR-05-69-R |
| | ) |
| RONALD ERIC BOYD, | ) |
| | ) |
| Defendant. | ) |

### **ORDER**

Before the Court is a letter from Defendant Ronald Eric Boyd addressed to the Clerk of Court which also bears the title "Motion for Reconsideration." (Doc. No. 87). Therein, Defendant requests that the Court appoint counsel for purposes of seeking reconsideration of the Court's June 2, 2022, Order (Doc. No. 85) dismissing his request for sentence modification as a second and successive § 2255 motion, and to assist him in appealing that Order. The Court construes the letter as a motion and, upon consideration thereof, DENIES Defendant's request.

On June 13, 2005, Defendant pled guilty to: (1) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and (2) possessing a firearm during and in relation to a drug-trafficking crime in violation of § 924(c). (Doc. No. 21). He was sentenced to a 262-month imprisonment on January 12, 2006, in part, pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). (Doc. No. 44). Defendant did not file a direct appeal.

On June 14, 2016, Defendant—represented by counsel—filed a Motion to Vacate under 28 U.S.C. § 2255 asserting that the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015) invalidated his sentence enhancement under the ACCA. (Doc. No. 59). The Court denied relief based on the Tenth Circuit's decision in *United States v. Taylor*, 843 F.3d 1215 (10th Cir. 2016) in which the Court held that a prior conviction for assault and battery with a dangerous weapon under Okla. Stat. tit. 21, § 645 remained a "crime of violence" under the elements clause of the career offender Sentencing Guideline, U.S.S.G. § 4B1.2(a)(1). (Doc. No. 67, at 6). On appeal, the Tenth Circuit denied a Certificate of Appealability and dismissed the appeal.[1] (Doc. No. 76). Defendant subsequently sought certiorari review, which the Supreme Court denied. (Doc. No. 77).

Mr. Boyd, appearing *pro se*, filed another motion under 28 U.S.C. § 2255 on September 15, 2021, challenging the use of his two state drug convictions as a basis for application of the ACCA. (Doc. No. 79). The motion was dismissed for lack of jurisdiction because it was successive and filed without authorization from the Tenth Circuit Court of Appeals. (Doc. No. 80). In April 2022, Defendant filed a Motion for Sentence Modification (Doc. No. 82), allegedly pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), however, the Court construed the motion as a successive § 2255 motion and dismissed it for lack of jurisdiction because Defendant had not obtained authorization from the Tenth Circuit to file the motion.

---

[1] In dismissing Mr. Boyd's appeal, the Tenth Circuit Court noted that while its decision in *Taylor* "considered whether § 645 is a crime of violence for purposes of the Guidelines rather than the ACCA, 'the nearly identical language in those two provisions allows us to consider precedent involving one in construing the other.'" (Doc. No. 76, at 2 n.1 (quoting *United States v. McConnell*, 605 F.3d 822, 828 (10th Cir. 2010)).

*See* 28 U.S.C. §§ 2244(b)(2)(A), 2255(h); (Doc. No. 85). Defendant returns with the current Motion, requesting counsel to assist him in seeking reconsideration and appealing the Court's Order (Doc. No. 85).

Although an indigent defendant has a constitutional right to appointed counsel on first appeal, the right to counsel does not extend further. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) ("There is no constitutional right to counsel beyond the direct appeal of a criminal conviction . . . ."). The Tenth Circuit Court of Appeals has established that when a district court determines whether to appoint counsel, it "should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

Having considered these factors, the Court finds that Defendant's claims are not factually or legally complex, and that he is able to adequately present his position. He must, however, present his position to the Tenth Circuit Court of Appeals before seeking relief from this Court because his requested relief is only proper under § 2255, and he has previously filed a § 2255 motion. *See* 28 U.S.C. § 2255(h). Though the Court previously appointed counsel to Mr. Boyd for purposes of seeking § 2255 relief, it declines to do so again because Defendant is capable of seeking authorization from the Tenth Circuit Court of Appeals to file an additional § 2255 motion without the assistance of counsel. Accordingly, his Motion (Doc. No. 87) is DENIED.

Pursuant to his request (*see* Doc. No. 87-1), the Court Clerk is ordered to mail Mr. Boyd a copy of his "Motion for Sentence Modification" (Doc. No. 82), the United States' Response in Opposition to Defendant's Motion for Sentence Reduction (Doc. No. 83), and the Court's Order dismissing Defendant's Motion (Doc. No. 85).

**IT IS SO ORDERED** this 3rd day of January 2023.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE