IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CR-05-69-R |
| ) | |
| RONALD ERIC BOYD, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the Court is Defendant's Renewed Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) wherein Defendant requests that the Court reduce his sentence to time served and impose other conditions as the Court deems appropriate. (Doc. No. 89). The Government has responded in opposition to the Motion. (Doc. No. 90). Upon consideration of the filings, the Court DENIES Defendant's Motion.

On June 13, 2005, Defendant Ronald Eric Boyd pled guilty to: (1) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and (2) possessing a firearm during and in relation to a drug-trafficking crime in violation of § 924(c). (Doc. No. 21). He was sentenced to a 262-month term of imprisonment on January 12, 2006, in part, pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). (Doc. No. 44). Defendant did not file a direct appeal.

On June 14, 2016, Defendant—represented by counsel—filed a Motion to Vacate under 28 U.S.C. § 2255 asserting that the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015) invalidated his sentence enhancement under the ACCA. (Doc.

No. 59). The Court denied relief based on the Tenth Circuit's decision in *United States v. Taylor*, 843 F.3d 1215 (10th Cir. 2016) in which the Court held that a prior conviction for assault and battery with a dangerous weapon under Okla. Stat. tit. 21, § 645 remained a "crime of violence" under the elements clause of the career offender Sentencing Guideline, U.S.S.G. § 4B1.2(a)(1). (Doc. No. 67, at 6). The Tenth Circuit subsequently denied a Certificate of Appealability and dismissed the appeal. (Doc. No. 76). The United States Supreme Court denied Defendant's petition for writ of certiorari. (Doc. No. 77).

Mr. Boyd, appearing *pro se*, filed another § 2255 motion in September 2021, challenging the use of his two state drug convictions as a basis for application of the ACCA. (Doc. No. 79). The motion was dismissed for lack of jurisdiction because it was successive and filed without authorization from the Tenth Circuit Court of Appeals. (Doc. No. 80). In April 2022, Defendant filed a Motion for Sentence Modification (Doc. No. 82), allegedly pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), however, the Court construed the motion as a successive § 2255 motion and dismissed it for lack of jurisdiction because Defendant had not obtained authorization from the Tenth Circuit to file the motion. *See* 28 U.S.C. §§ 2244(b)(2)(A), 2255(h); (Doc. No. 85). Defendant subsequently sought counsel to assist him in seeking reconsideration and appealing that Order. (Doc. No. 87). Noting that Defendant had no constitutional right to counsel as he had already unsuccessfully appealed, the Court declined to appoint counsel because his claims were not so complex that he was unable to adequately present his position. (Doc. No. 88). Defendant returns with the instant Motion seeking sentence reduction based on his rehabilitation and the unfairness of his 262-month sentence in light of the Tenth Circuit Court of Appeals' decision in *United*

*States v. Cantu*, 964 F.3d 924, 934 (10th Cir. 2020), wherein the court held that a defendant's state convictions under Okla. Stat. tit 63, 2-401(A)(1) for distribution of controlled dangerous substances did not constitute predicate "serious drug offenses" under the ACCA. (Doc. No. 89).

Although he characterizes the Motion as falling under 18 U.S.C. § 3582(c)(1)(A)(i), Boyd repeatedly attempts to clarify why the Court erred in construing his prior § 3582 motion (Doc. No. 82) as a second or successive § 2255 motion.[1] In attempting to explain how the Court misconstrued his prior motion, Boyd effectively requests that the Court reconsider its June 2, 2022, Order while making the same arguments previously addressed.[2] Accordingly, the Court construes the present filing as a motion for reconsideration.[3]

---

[1] *See* Doc. No. 89, at 4, ¶ 7 ("the Court's conclusion that my Motion is a § 2255 is . . . wrong"); *Id.* at ¶ 9 (explaining that a case cited in the Court's Order supports Boyd's position, "not the Court's"; *Id.* at 5, ¶ 10 ("Nowhere in my Motion do I allege that any constitutional or miscarriage-of-justice grounds exist that invalidate my sentence . . . Instead, I argue that the Court should consider that unfair harshness *and* the fact that I have no legal basis to invalidate the sentence."); *Id.* at 6, ¶ 12 ("My motion never sought 'to alter my sentence due to a change in the law' notwithstanding this Court's characterization."); *Id.* at 7, ¶ 14 ("Nowhere in my Motion did I claim entitlement to resentencing under 28 U.S.C. § 2255. In fact, I did not claim *entitlement* to resentencing at all.").

[2] Defendant raises one new argument in the present Motion regarding the Sentencing Commission's proposed amendment to revise U.S.S.G. § 1B1.13 by adding "changes in law ('[t]he defendant is serving a sentence that is inequitable in light of changes in the law')" to the list of "extraordinary and compelling reasons" warranting sentence reduction. (Doc. No. 89, at 5, ¶ 11); 88 Fed. Reg. 7180, 7184 (Feb. 2, 2023). Both the Tenth Circuit and Defendant acknowledge that a proposed amendment is not binding on this Court. *Id.*; *United States v. Vasquez-Alcarez*, 647 F.3d 973, 980 (10th Cir. 2011) ("A proposed amendment to the Sentencing Guidelines is not a sufficient reason to remand an otherwise reasonable sentencing for resentencing.").

[3] "[M]otions for reconsideration can be filed under § 3582 in this circuit." *United States v. Warren*, 22 F.4th 917, 926 (10th Cir. 2022).

3

While the Federal Rules of Criminal Procedure do not authorize motions for reconsideration, the Tenth Circuit recognizes that motions to reconsider filed by a defendant or the government are proper. *United States v. Randall*, 666 F.3d 1238, 1241-42 (10th Cir. 2011). However, because motions to reconsider are not grounded in the Federal Rules, "no rule specifies a time limit within which they must be brought." *United States v. Fish*, No. 21-7044, 2022 WL 54432, at *1 (10th Cir. Jan. 6, 2022), *cert. denied*, 142 S. Ct. 2825 (2022) (citing *Randall*, 666 F.3d at 1242). Consequently, the Tenth Circuit has "held that motions for reconsideration in criminal proceedings must be brought within fourteen days, the outer limit for the filing of a notice of appeal in a criminal proceeding." *Id.* (citing *Randall* 666 F.3d at 1241-43; *see also United States v. Heath*, 846 F. App'x 725, 727-28 (10th Cir. 2021) (unpublished disposition cited solely for its persuasive value) (applying the rule in *Randall* to § 3582(c)(1) proceedings)).

Defendant's Motion—filed 263 days after the deadline to appeal the Court's denial of his previous § 3582(c)(1)(A)(i) motion—is untimely because it was not filed within fourteen days of the Court's Order (Doc. No. 85). *See e.g., Fish*, 2022 WL 54432, at *1 (affirming district court's denial of defendant's motion to reconsider her § 3582(c)(1)(A) motion because it was filed thirty days after the district court's order). Accordingly, Defendant's Motion (Doc. No. 89) is DENIED.

**IT IS SO ORDERED** this 11th day of May 2023.

*[signature: David L. Russell]*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE